LAW OFFICES OF PHILIP DEITCH
Philip Deitch, SBN 29164
Mailing Address: 19360 Rinaldi # 330
Porter Ranch, Calif. 91326
Telephone  (818) 531 2662
philde@mindspring.com

Attorney for Defendant Shi Shan Piao

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No. CR 17-435 DMG |
| | ) | DEFENDANT'S REPLY BRIEF TO |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | THE DEFENDANT'S SENTENCING |
| vs. | ) | POSITION |
| | ) | |
| SHI SHAN PIAO | ) | Sentencing date: October 2, 2019 |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

        Defendant,   Mr. Shi Shan Piao, submits his reply to the

Governments  opposition  to  the  sentencing  position  for  this

defendant which was submitted on September 17, 2019.  It remains

to be the defense view that the prosecutions sentencing position

seeks what would be a severe over-sentence.

Dated: September 27, 2019

                                        LAW OFFICE OF PHILIP DEITCH

                                        *Philip Deitch*

                                        ATTORNEY FOR DEFENDANT

# MEMORANDUM

Before the court is a near 50 year old illegal immigrant who, by his own admission,  participated with another person, for a limited period of time,  in a major bank fraud.  Mr. Piao is prepared to accept the full responsibility for his own role in the fraud, but, given the extreme consequences that he faces, he is hopeful that this court would tailor it's sentence to Mr. Paio's own and personal wrongdoing rather than  include the independent misconduct of his named codefendant which was conducted by his co-defendant independent of Mr. Paio's knowledge or participation.

It is not irrelevant to the sentencing overview that it is the state of mind of the defense that upon the conclusion of Mr. Paio's United States Federal Court sentence he will be deported, most likely to China,  which is not a human rights country. In China, the defense projects that Mr. Piao faces severe but presently unknown very serious consequences for his criminal activities that included citizens of China.

The ability of the defense to respond factually to the projected sentences included in the PSR and amplified in the governments opposition is very limited.  Much of that which Mr. Paio is accused of would be included in his computer, which law enforcement reviewed and seized, but is unavailable to the defense.  To the extent that the guideline calculations are projected from the extent of the loss,  Mr. Paio is unable except generally to corroborate his contentions that the loss calculation that may be attributed to him based on the prosecution theme of joint responsibility is severely overstated.

Mr. Paio urges that, except for a period of approximately a year in 2015, he expressly parted from Mr. Runze and that the balance of the loss figure is exclusively the result of the conduct of Mr. Runze, the government cooperator's independent conduct. In Mr. Piao's review of the overall  loss calculation list of victims  provided to the defense by the prosecution,   Mr. Piao does not even know of some of the victim banks that are described in that document.

Although the earlier contention offered by the defense regarding Mr. Paio's limited abilities to participate in the overall fraud,, based upon the fact that  he neither speaks or writes English or is competent on a computer was discounted in the prosecutions memo,  those facts are a significant limitations on Mr. Paio's ability to contribute to the fraud to which he has admitted.   Me. Runze came to the United States at the age of 10 and was educated in United States schools. That discrepancy in roles between the two co-defendants would appear to corroborate Mr. Paio's contention that he was not the major engineer of the fraud. That is further corroborated by the fact that, during the period that Mr. Paio was a participant in the fraud, as set forth in the original defense sentencing memo he only received a small percentage (10%) of the proceeds of the criminal venture.   While that fact is not a defense, as urged by the prosecution, it is somewhat mitigating.

The defense responds to the specific  categories of violation specified in the prosecution opposition.  The defense responses to

the defense opposition to the prosecution contentions are set forth below under the category that appears in the prosecution memo.

### A.    DEFENSE RESPONSE TO CONTENTION THAT THE DEFENSE OBJECTIONS SHOULD BE DISREGARDED AS   UNTIMELY.

It is the defense request that the court consider the positions offered by the defense in its original defense sentencing memorandum, which was not objected to when originally filed.

The defense would also request that the court give consideration to the issues as reaffirmed in this memorandum. Frankly, since over a year has passed since the defense objections and sentencing memo were submitted,  counsel does not recall the reasons for the extensive delay. Counsel has been a criminal lawyer for over 60 years and would not overlook a filing deadline without a good reason. The fact that no objection was presented at the time suggests that counsel had communicated a reason to the prosecution at the time.  In hindsight, counsel is of the opinion that

the delay may have been occasioned by the fact that counsel was still impacted by still experiencing a serious vision issue called "Giant Cell Arteritis."   Counsel had been treated for that ailment earlier at Kaiser Permanente. That condition creates serious limitations on ones ability to use a computer. Also, at the time, Counsel's wife,  Carla, who is counsel's paralegal and prepares most of the office documents from drafts prepared by counsel, was experiencing a severe diabetic neuropathy. Thus counsel, who himself was limited, was left with the responsibility of investigating, preparing and finalizing all of the office documents with very limited assistance. The combination of the two illnesses had a serious but temporary impact on counsel' practice.

Nonetheless, no objection was raised to the delayed by the prosecution to the delayed filing at the time. Accordingly, that objection was likely waived.  It was filed on June 17, 2019. The objection was not offered until September 19, 2019.

## B.  DEFENSE RESPONSE TO CONTENTION THAT DEFENDANT OBJECTIONS TO THE ROLE ADJUSTMENT AND THE 2B1.1(B)(10) ARE INEFFECTIVE

The objection is based upon the contention that (1) the defense denial of the role enhancements were insufficient, and (2) a "substantial part of the conspiracy was committed from outside the United States.

The basis for the role enhancement denial rests on what has been elaborated in this memorandum. The primary leader of this fraud was Mr. Runze who engineered and carried out the bulk of the fraud.   That is not to say that Mr. Piao did not engage in significant fraudulent conduct.  He clearly did. But contrary to the assertion in the PSR he as not the "organizer and lynchpin" of the criminal enterprise. The defense placing that contention before the court is entirely appropriate.

The denial regarding the two level increase for out of the country activities stems from the fact that the enhancement requires that out of the country conduct to be a "substantial part" of the fraud. It is the view of the defense  that fact that the

documents were acquired in China was not a substantial part of the activities.

## C. DEFENSE RESPONSE TO THE CONTENTION THAT THE DEFENDANT WORK HISTORY IS FALSE

Mr. Piao in fact had worked as a taxi driver.  One of his roles with regard to Mr. Runze was to drive him around in his taxi to the locations designated by Mr. Runze.  The fact that  he was not able to work as a result of an auto accident is corroborated by  looking at Mr. Piao's leg, which contains a huge scar resulting from that incident.

## D. DEFENSE RESPONSE TO DEFENSE CONTENTION THAT DEFENDANTS CLAIMED METHAMPHATIME ADDICTION IS A PLOY

Mr. Piao lived with a woman who was severely addicted to methamphetamine. In time, he joined her in the use of that drug and became addicted along with her.   That fact may be an explanation for the fact that a man with no previous history of criminal activity at middle age began to engage in a significant fraud. The expenses of a major drug addiction are often

extraordinary. For that addiction to overcome a family can lead to tragic results, as it did in this case.

For the prosecution to suggest that his addiction is a ploy learned from other inmates at MDC is unfounded speculation. While he has minimal contact with other Asians at MDC, his inability to communicate with others because he does not speak English would seem to denounce that speculation.  To the extent that his methamphetamine addiction would provide Mr. Piao with sentencing or incarceration options should be appropriately considered.

**E.   DEFENSE   RESPONSE   TO   THE   PROSECUTION   BLAME SHIFTING CONTENTION**

For the most part, the prosecutions objections have already been addressed in this memorandum by the defense position, supra,   regarding role. The defense will not repeat those contentions**.**

The prosecution memo makes reference to Mr. Paio pointing out Mr. Piao focus on his computer as a factor to consider

regarding the extent of his involvement in the fraud. The nature of the fraud assertions in this case would lead to the inference that the substantial use of a computer is vital to the commission of the underlying crime. Mr. Paio invites an examination of the content of his computer as an indication that his participation in the fraud is limited and not as extensive a expressed by the prosecution.

## F.   DEFENSE RESPONSE TO CONTENTION THAT MR. PIAO HAS SUBMTTED CONTRADICTORY CLAIMS.

Without access to his computer, Mr. Piao can only estimate the proceeds that he obtained from his participation in the fraud. While he can only estimate that amount from his memory, he certainly is able to reject the contention that he personally received $1,697, 186.49 from the fraud (para. 21 PSR). Nothing in his lifestyle suggests that he received sums even approaching that amount. In fact, as pointed out in the earlier defense memo, he needed to borrow money from the government informant to survive. That fact corroborates the defense contention that he did

not receive the sums attributed to him by the prosecution, and that also amplifies his contention regarding the impact of his meth use.

## G. DEFENSE RESPONSE TO THE PROSECUTION OBJECTION TO THE DEFENDANTS VIEW THAT CITIZENSHIP AND  LACK OF ENGLISH ARE MITIGATING FACTORS

The impact of a court' sentence on a defendant is not an irrelevant consideration. It has been and still is true that a prison sentence for a foreign person is more difficult than for an English speaking individual.  It is not an irrelevant consideration for a sentencing Judge.  It is further a consideration that he will potentially need to be subjected to the whims of a country that does not consider human rights.  A prosecutor's view that raising those factors is somehow improper is a reflection of prosecutorial insensitivity to the human condition.

## H. MR. PIAO HAS DEMONSTATED ACCEPTANCE OF RESPONSIHILITY

The contention that Mr. Piao has not demonstrated acceptance of responsibility distorts the reality of Mr. Piao's conduct.  It should be noted that at least on three occasions, and likely more, he has

met with law enforcement and prosecutors to discuss his involvement in the case.  Mr. Piao does not deny his involvement in the fraud that he committed and early in the case he plead guilty to the charges and confessed his actions in open court.  He signed a plea agreement that detailed his crimes.   Mr. Piao has set forth in detail earlier, and in this memo, his  legitimate personal contentions that justify a lesser sentence. That is his right under the law and under the Criminal Justice System. Doing so appears to be a novel option to the prosecutor, who mischaracterizes those efforts as a fraud on the court.

Therefore, the defense opposes the prosecutions contention that Mr. Piao has attempted to obstruct justice and has therefore lost acceptance of responsibility. The defense further emphatically denies the contention that he has attempted a fraud on the court. That assertion is an absurd distortion of the reality of the defendants position.

Dated: September 27, 2019        LAW OFFICE OF PHILIP DEITCH

Philip Deitch

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28